UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BARBAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-00897-MTS |
| | ) | |
| TRUSTEE VACATION TRUST, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Bluegreen Resorts Management, Inc. and Vacation Trust, Inc.'s Motion to Dismiss, Doc. [18]. The Motion is fully briefed and ready for disposition. For the reasons stated herein, the Court will grant the Motion.

**I.    Background**

Plaintiffs consist of approximately 175 individuals who are "beneficiaries of the Bluegreen Vacation Club Amended and Related Trust Agreement." Doc. [1] ¶ 1. Plaintiffs state that they bring this suit as a "mass action" under the Class Action Fairness Act (CAFA), see 28 U.S.C. § 1332(d)(11)(A); Doc. [1] ¶¶ 309–10, and they seek an accounting and enforcement of a second amended and restated fair share vacation use management trust agreement, dated March 14, 2008, Doc. [1] at 3. Defendants seek to dismiss this suit on multiple grounds, including that CAFA provides subject matter jurisdiction to district courts for mass actions only upon removal of a mass action from state court; that each plaintiff's claim in a mass action must exceed $75,000 in order for the district court to have jurisdiction over that plaintiff's claim; that Defendants are not subject to personal jurisdiction in Missouri; and that venue in this district is improper.

## II.  Discussion

The Court finds that Defendants are plainly correct that CAFA requires that *each* plaintiff in a mass action have a claim that exceeds $75,000 in order for a federal court to have jurisdiction over that plaintiff.  The statute reads:

> [T]he term "mass action" means any civil action (except a civil action within the scope of section 1711(2)) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).

28 U.S.C. § 1332(d)(11)(B)(i) (emphasis added).  Subsection (a) sets the jurisdictional amount requirement as an amount exceeding the sum or value of $75,000, exclusive of interest and costs. § 1332(a).  As the Supreme Court put it, "federal jurisdiction in a mass action, unlike a class action, 'shall exist only over those plaintiffs' whose claims individually satisfy the $75,000 amount in controversy requirement." *Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 166 (2014) (quoting § 1332(d)(11)(B)(i)); *accord Robertson v. Chevron USA, Inc.*, No. cv 15-874, 2016 WL 3667153, at *7 (E.D. La. July 11, 2016) ("The Court, however, has jurisdiction only over those plaintiffs whose claims exceed the individual $75,000 amount-in-controversy requirement.").

Plaintiffs assert that "at least three" of the approximately 175 of them have claims that individually total more than $75,000.  Doc. [1] ¶ 313.  Plaintiffs, though, do not even indicate which three of them do, and so the Court must dismiss them all.  Since all Plaintiffs will be dismissed, and Plaintiffs' ability to refile as a mass action in this Court is anything but certain due to the numerosity issue alone,[1] the Court declines to decide whether CAFA provides original

---

[1] With respect to the amount in controversy requirement, the Court notes that Plaintiffs currently seem to know only that less than two percent of them qualify as proper plaintiffs in a mass action.  Perhaps more than the three will be determined to have more than $75,000 in controversy, but at this point, it seems doubtful that they will be able to

jurisdiction to federal district courts over "mass actions" filed there in the first instance. *See* Doc. [18] ¶ 4.  With that said, this Memorandum and Order should *not* be read to indicate that the Court is inclined to find that CAFA provides district courts with original jurisdiction over mass actions filed there in the first instance.  If CAFA does so, it is far from clear. *See, e.g.*, *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1200 n.41 (11th Cir. 2007) (noting it is "not clear" whether a group of plaintiffs who otherwise meet the requirements for a mass action under CAFA would be permitted to file a mass action originally in a federal district court); Linda S. Mullenix, *Class Actions Shrugged: Mass Actions and the Future of Aggregate Litigation*, 32 Rev. Litig. 591, 593 n.6 (2013) ("While the CAFA class action provisions do create new federal diversity and removal jurisdiction for class actions, it is doubtful that CAFA creates new original jurisdiction for mass actions.").  The Court is not reaching or expressing any opinion on the remaining grounds of Defendants' Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [18], is **GRANTED**.  An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of April, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

identify ninety-seven more when they presently know of only three.  Plaintiffs, of course, would only be able to make such an allegation if it is based on their attorney's "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that there is "evidentiary support or, if specifically so identified, will likely [be] evidentiary support after a reasonable opportunity for further investigation or discovery." *See* Fed. R. Civ. P. 11(b).